Missouri Ethics Commission

Elizabeth L. Ziegler
EXECUTIVE DIRECTOR

February 19, 2021

**Re: Advisory Opinion No. 2021.02.L.002**

At the February 19, 2021 meeting of the Missouri Ethics Commission, your request for an opinion was discussed.

## Opinion

Pursuant to section 105.955.16, RSMo, the Missouri Ethics Commission (MEC or Commission) may issue a written opinion regarding any issue on which the Commission may receive a complaint as identified in section 105.957, RSMo. The Commission receives complaints alleging violations of "the requirements imposed on lobbyists by sections 105.470 to 105.478" and "the provisions of the constitution or state statute or order, ordinance or resolution of any political subdivision relating to the official conduct of officials or employees of the state and political subdivisions." Section 105.957.1, RSMo. These opinions are issued within the context of Missouri's laws governing such issues and assume only the narrow and specific facts presented by you in your letter.

The questions presented and the Commission's opinions appear below.

> *I recently concluded my service as a member of the Missouri General Assembly. Does the Missouri Constitution prohibit me from acting or serving as an "elected local government official lobbyist?"*
>
> *I am a manager of and hold a 50 percent ownership interest in a consulting firm that is registered as a limited liability company. Does the Missouri Constitution prohibit me from hiring employees to work for my firm and to serve as lobbyists at the state level?*

### Applicable Law

On November 6, 2018, through a ballot initiative known as "Clean Missouri," voters approved an amendment to Missouri's Constitution. That amendment imposes a two-year limitation on the lobbying activities of former members and employees of the General Assembly.

PO Box 1370
Jefferson City, MO 65102
www.mec.mo.gov
(573) 751-2020 / (800) 392-8660

Case 2:21-cv-04233-MDH   Document 2-81   Filed 12/16/21   Page 1 of 4

> After December 6, 2018, no person serving as a member of or employed by the general assembly shall act or serve as a paid lobbyist, register as a paid lobbyist, or solicit prospective employers or clients to represent as a paid lobbyist during the time of such service until the expiration of two calendar years after the conclusion of the session of the general assembly in which the member or employee last served and where such service was after December 6, 2018.

Article III, Section 2(a).

This two-year waiting period is commonly referred to as a revolving door prohibition. Generally speaking, these "cooling-off" periods are aimed at preventing elected officials from currying favor from special interests while in office (with an eye toward future lobbying) and from having undue influence on former colleagues after leaving office.

### Elected Local Government Official Lobbyist

Your first question asks whether you are prohibited from acting or serving as an "elected local government official lobbyist." Missouri's lobbying statutes recognize four different types of lobbyists:

- Elected local government official lobbyist - defined in Section 105.470(1), RSMo;
- Executive lobbyist – defined in Section 105.470(2), RSMo;
- Judicial lobbyist – defined in Section 105.470(4), RSMo;
- Legislative lobbyist – defined in Section 105.470(5), RSMo.

The statutory definition for "Elected local government official lobbyist" is as follows:

> [A]ny natural person employed specifically for the purpose of attempting to influence any action by a local government official elected in a county, city, town, or village with an annual operating budget of over ten million dollars.

Section 105.470(1), RSMo.

There are no similar definitions in the relevant provisions of the Missouri Constitution nor is there any express reference to this type of lobbyist. In fact, the Constitution does not appear to make any distinctions between the various types of lobbyists recognized by Missouri statute. Accordingly, the Commission is of the opinion that the references to "lobbyist" in Article III, Section 2 of the Missouri Constitution are generic references that encompass all four types of lobbyists that are defined in Section 105.470, RSMo.

Because an "elected local government official lobbyist" is a "lobbyist" as that term is used in Article III, Section 2 of the Missouri Constitution, you are prohibited from acting or serving as an elected local government official lobbyist "until the expiration of two calendar years after the conclusion of the session of the general assembly in which" you last served.

## Consulting Firms

Your second question asks whether the Missouri Constitution would prohibit you from employing lobbyists through your consulting business. For the two years immediately following the last legislative session you served in, Article III, Section 2(a) expressly prohibits you from:

- Acting as a paid lobbyist;
- Serving as a paid lobbyist;
- Registering as a paid lobbyist;
- Soliciting lobbyist employment prospects; and
- Soliciting lobbying clients.

Your specific question is whether the Missouri Constitution prohibits you from employing registered lobbyists, and the plain language of the Constitution does not address nor specifically prohibit employment of lobbyists. The question, however, is whether these prohibitions that are imposed upon you as a person extend to include actions taken by employees of your limited liability company who are acting on your behalf and presumably at your direction. In other words, does the prohibition that applies to you also apply to those who you may employ and who act or serve as a paid registered lobbyist.

Your question provides that your consulting business is a manager-managed limited liability company and you are a member (owner) and one of the managers. "Ordinarily, business entities, such as limited liability companies, are regarded as wholly separate legal entities, distinct from the members or owners who compose the business entities." *Hibbs v. Berger*, 430 S.W.3d 296, 306 (Mo. App. 2014). However, "[a] limited liability company, like a corporation, is an artificial being, and as an entity it must act through an agent." *Sutherland v. Sutherland*, 348 S.W.3d 84, 92 (Mo. App. 2011) (internal citation omitted).

Pursuant to section 347.065.2(2), RSMo, you, as a manager, are an agent for the limited liability company. Presumably, the lobbyists you propose to employ would also be considered agents for the limited liability company. *See Wickes Lumber Co. v. Richmond Const.*, 690 S.W.2d 488, 490 (Mo. App. 1985) ("There is no particular method by which an agency relationship is established. It is necessary only that the credible facts, taken as a whole, fairly disclose that a party is acting for or is representing another by the latter's authority.").

However, the limited liability company is not a person who served as a member of or was employed by the general assembly. Therefore, the prohibitions in Article III, Section 2(a) do not apply to the limited liability company. The same is true for any employees working for your limited liability company who did not serve in the general assembly and were not employed by the general assembly, even if they are registered paid lobbyists.

Nevertheless, the Commission has serious concerns about a former elected official avoiding these Constitutional prohibitions by doing indirectly that which he or she is prohibited from doing directly. The Commission is also concerned about the appearance of impropriety that would be associated with such an arrangement.

The Commission cautions you to be very careful in carrying out your role as member and manager of this consulting entity. The prohibitions in Article III, Section 2(a) of the Missouri Constitution do apply to you, so even if you do not register or act as a paid lobbyist, you are prohibited from soliciting lobbying clients and taking actions in conjunction with the employed lobbyists that could be interpreted as acting as a paid lobbyist. Accordingly, while serving as manager and owner of the business, you are advised to – at a minimum – refrain from participating in and directing the lobbying activities of the lobbyists that are employed by the limited liability company.

Sincerely,

*Elizabeth L. Ziegler*

Elizabeth L Ziegler
Executive Director