IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROCKNE "ROCKY" MILLER, et. al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> STACEY HEISLEN, in her official capacity as ) <br> Executive Director of the Missouri Ethics ) <br> Commission, et. al.[1], ) <br> ) <br> Defendant. ) | Case No. 2:21-cv-04233-MDH |

## ORDER

On July 14, 2025, the Court conducted a bench trial regarding damages to Plaintiffs based upon the ruling from the Eighth Circuit in *Miller v. Ziegler*, 109 F.4th 1045 (8th Cir. 2024). Upon careful review of the evidence as presented by the parties, the Court finds Plaintiffs are entitled to damages and issues these findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a)(1).[2]

**I.  Background**

This case stems from a 42 U.S.C. § 1983 action against the individual members of the Missouri Ethics Commission in their official capacities alleging Plaintiffs were deprived of their First Amendment rights to freedom of speech and to petition by the Missouri Constitution's ban

---

[1] Counsel for Plaintiff made an oral motion during the July 14, 2025, Bench Trial to substitute the defendant parties in this matter to reflect the current members of the Missouri Ethics Commission. The new Defendants are Stacey Heislen, in her official capacity as Executive Director of the Missouri Ethics Commission; and members Jeremy Schneider, Jim W. Martin, Robin Wheeler Sanders, and Charles Kenneth McClure. The Court dismissed Defendant Whitney Smith as she is no longer a member of the Missouri Ethics Commission.

[2] Counsel for Plaintiffs has not submitted attorneys' fees and stated to the Court his plans on filing for attorneys' fees after the trial. As such, the Court will not consider the issue of attorney fees in this Order and will wait until Plaintiffs' counsel moves for such fees.

1

on paid lobbying by former members and employees of the General Assembly for a period of two years after they leave their position. Plaintiff Rockne "Rocky" Miller ("Plaintiff Miller") was a former Missouri state representative seeking to lobby before the end of the two-year ban. Plaintiff John LaVanchy is a legislative assistant to the Missouri General Assembly who also sought work as a lobbyist. Plaintiff Presidio Environmental, LLC, a domestic limited liability company in Missouri, wanted to hire Plaintiff Miller as a lobbyist but was unable to do so because of the lobbying ban. Defendants are all members of the Missouri Ethics Commissions sued individually in their official capacity.

In 2018 Missouri voters overwhelmingly enacted a lobbying ban through the ballot initiative process. The lobbying ban was codified into the Missouri Constitution as Article III, Section 2(a) which states:

> no person serving as a member of or employed by the general assembly shall act or serve as a paid lobbyist, register as a paid lobbyist, or solicit prospective employers or clients to represent as a paid lobbyist during the time of such service until the expiration of two calendar years after the conclusion of the session of the general assembly in which the member or employee last served …

Plaintiffs sued members of the Missouri Ethics Commission, the agency responsible for enforcing the ban. Plaintiffs sought declaratory judgment that the law unconstitutionally limits their speech, compensatory and nominal damages, and a permanent injunction preventing enforcement against them or similarly situated persons or entities. The parties filed cross-motions for summary judgment and this Court granted the State of Missouri's motion, which had the effect of upholding the lobbying ban. (*See Miller v. Ziegler*, 109 F.4th 1045, 1048 (8th Cir. 2024)).

Plaintiffs appealed to the Eighth Circuit which reversed and remanded to this Court finding that the lobbying ban, as applied to Plaintiffs, violated the First Amendment. The court's ruling emphasized the failure of the Defendants to make a proper record before this Court. Defendants'

arguments on appeal appeared to that court to be unnecessarily narrow and unfocused.[34] The Eighth Circuit ultimately found that the lobbying ban as applied to Plaintiffs violated the First Amendment. (*See Miller v. Ziegler*, 109 F.4th 1045, 1048 (8th Cir. 2024)). The court's ruling was limited to its practical application to Plaintiffs. This Court entered in a permanent injunction preventing the enforcement of the lobbying ban against Plaintiffs. (Doc. 114). This Court then held a bench trial to ascertain if Plaintiffs were entitled to damages.

## II. Admitted Exhibits

The following evidence was offered and admitted without objecting during the July 14, 2025, bench trial.

1. Plaintiffs' Exhibit 1 – "Work Agreement" between Miller and Presidio (unsigned)
2. Plaintiffs' Exhibit 2 – MEC Advisory Opinion No. 2021.02.L.002
3. Plaintiffs' Exhibit 3 – Damages Exhibits for LaVanchy

The following evidence was offered solely for demonstrative purposes.

1. Plaintiffs' Exhibit 5 – Damages Summary

## III. Witness Testimony

### a. Rockne "Rocky" Miller – Plaintiffs' Witness

Plaintiff Miller testified that he left office on January 6, 2021, and intended to pursue lobbying had it not been for Missouri's lobbying ban. Plaintiff Miller was shown Exhibit 1 – "Work Agreement" between himself and Plaintiff Presidio Environmental, LLC. Plaintiff Miller

---

[3] No where in the Court's opinion or Defendants meager defense of the voter enacted provision was the scope of voters rights to insist that elected legislation avoid the appearance of impropriety adduced. That standard has long been applied to legal and judicial service.

[4] Similarly, the fact that Plaintiff Miller was aware of the voter-imposed qualifications for office when he chose to hold himself out to voters for public service and took an oath to voters after being elected to comply with the laws of the State was never presented or adduced. The Defendants failed to note that Plaintiff Miller chose to pursue public service knowing the requirements coming into the office. Plaintiff Miller chose public office but with it came the restraints voters adopted.

testified that the work agreement was for a nine-month term from January 2022 to September 30, 2022. Plaintiff Miller testified he was to be paid at a rate of $1,000 per month to help secure a permit for a proposed solid-waste facility. Plaintiff Miller testified that he was ready to carry out the agreement and could have carried out the functions but had to decline the contract because he could not certify certain items because of the lobbying ban.

Plaintiff Miller further testified that he did not solicit other lobbying work because of the lobbying ban. Plaintiff Miller testified he believed he could make $20,000.00 a month by lobbying but provided no basis or support for that opinion. Plaintiff further testified that he was in a unique position to lobby as he was known by Missouri state senators and representatives. He testified a lobbying career was part of his motivation for seeking office to begin with. He made no pretense of a desire to serve the public. Plaintiff Miller testified that the longer you are gone from the legislature the less effective you are going to be based on the turnover of those elected positions. Plaintiff Miller testified he had to take up work doing construction staking rather than lobbying work because of the lobbying ban. His counsel acknowledged Plaintiff Miller would survey prior to and during his span in the General Assembly.

On cross examination Plaintiff Miller testified that he was lobbied by many people during his eight years as a state representative. Plaintiff Miller also testified, prior to his time as a representative, that he was lobbying for the Missouri School Board Association without pay and had 20 years of lobbying experience. Plaintiff Miller testified that no one else has attempted to hire him for lobbying other than Plaintiff Presidio and no one since the Eighth Circuit order. Plaintiff further testified that he made $150,000 for construction staking in 2021 and earned $160,000 in 2022. Plaintiff Miller acknowledged he knew of the lobbying ban before he asked voters to elect

him to office and before he took the oath of office for his final legislative term.[5] Can a person be damaged when they chose to pursue a position with a limitation of which they were aware?

**b. Jonathan Andres, Corporate Representative of Plaintiff Presidio Environmental, LLC – Plaintiffs' Witness**

Mr. Andres testified that Plaintiff Presidio was formed to get into environmental permitting. Mr. Andres testified that Presidio wanted a lobbyist to assist it getting a permit for a solid waste facility in fall of 2021. Mr. Andres further testified that after fall 2021 Presidio was seeking to get a permit, and the locality was seeking to get an ordinance that would have been detrimental to Presidios planned solid waste facility. Mr. Andres testified that Presidio attempted to hire Plaintiff Miller in the Fall of 2021. Mr. Andres testified that Plaintiff Miller was ideal for the role because of his connection and influential position as Chairman of the Rules Committee and as a former legislator, had a background in the waste service industry. Mr. Andres testified that Presidio had to hire its second choice for lobbyists, which ultimately were not successful. Mr. Andres testified that Presidio is seeking damages for its loss of constitutional rights in the amount of $150,000 dollars. Mr. Andres testified that economic losses exceeded that figure however, it was not easy to quantify because of economic damages are hard to predict based on what should have happened and what did happen.

On cross examination Mr. Andres testified that Presidio participated in lobbying efforts prior to January 2022. Mr. Andres testified that the work agreement between Presidio and Plaintiff Miller was from January 2022 through September 30, 2022, and would have paid Plaintiff Miller $9,000.00. Mr. Andres testified that outside lobbyists are paid for their effort but he knew they

---

[5] This is the very type of influence peddling Missouri voters sought to preempt by enacting the challenged provisions. Voters want public servants not want-to-be lobbyists.

don't bat 1000. Mr. Andres further testified that the lobbyists hired to replace Plaintiff Miller were able to make every argument on behalf of Presidio.

      c.      **John LaVanchy – Plaintiffs' Witness**

Plaintiff LaVanchy testified that he began working as a legislative assistant in 2014 and continues to work for the Missouri Legislature. Plaintiff LaVanchy also testified that he worked as a committee records specialist. Plaintiff LaVanchy testified that when the lobby ban became effective on December 6, 2018, he thought about leaving the job because of the legislation. Plaintiff LaVanchy testified that he has looked at lobbying jobs since then and has applied but could not recall the specific organizations except for the Alzheimer's Association. Plaintiff LaVanchy testified that lobbyists in Jefferson City make more than their counterparts in other cities around Missouri and that he was currently paid in the low $50,000 range in his current position.

On cross examination Plaintiff LaVanchy testified that his day-to-day duties varied. Plaintiff LaVanchy testified he applied for a lobbying position with the Alzheimer Association but did not receive an offer of employment. Plaintiff LaVanchy also testified that he applied to work as a legislative liaison with the Department of Labor but was not offered the job. Plaintiff LaVanchy further testified that since the lobby ban was lifted, he has not been offered any other lobbying positions he applied for, nor has he been directly approached to lobby. Plaintiff LaVanchy testified he has no prior lobbying experience. Plaintiff LaVanchy testified he was not under investigation from the Missouri Ethics Commission or a prosecutor's office regarding the lobbying ban. No fines were issued for lobbying actions and Plaintiff LaVanchy testified he did not ask the Missouri Ethics Commission for clarification if the lobbying ban applied to him.

**FINDINGS**

The Court finds Plaintiff Miller is entitled to $9,001.00 in damages. "The basic purpose of § 1983 damages is to compensate person for injuries that are caused by the deprivation of constitutional rights." *Fernandez v. St. Louis Cnty., Missouri*, 538 F. Supp. 3d 888, 904 (E.D. Mo. 2021) (quoting *Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299, 307, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986)). Plaintiff Miller has sufficiently proven had it not been for the lobbying ban he would have been able to accept and fulfill the work agreement with Plaintiff Presidio in the amount of $ 9,000.00. While Plaintiff Miller attempts to argue damages stemming from lost income he could have made lobbying, that claim lacks credible evidentiary foundation and is speculative. Plaintiff Miller has failed to show any tangible evidence that, but for the lobbying ban, he would have been successful finding other positions as a lobbyist. Plaintiff Miller conceded in his testimony that no other business was looking to hire him as a lobbyist prior to January of 2023 during the time the lobbying ban would have applied to Plaintiff Miller. Further, Exhibit 1 showed Plaintiff Miller would have been entitled to $10,000.00 as a success fee should his lobby efforts have succeeded for Plaintiff Presidio. However, the success fee is too speculative for this Court to award. There is no evidence that Plaintiff Miller would have been successful in his lobby efforts even if he were allowed to lobby on behalf of Plaintiff Presidio. Further the Court finds that for the violation of Plaintiff Miller's First Amendment rights he is entitled to $1.00 in nominal damages.

The Court finds that Plaintiff Presidio is entitled to $1.00 in nominal damages based on the violation of its First Amendment rights. As described in the Eighth Circuit decision in *Miller v. Ziegler*, 109 F.4th 1045 (8th Cir. 2024), Plaintiff Presidio suffered a violation of its First Amendment rights by not getting the lobbying services of Plaintiff Miller due to the lobbying ban. But it was not Presidio personally making any argument or taking any position before its

legislators, it retained a skilled experienced lobbyist, just not its first choice. Plaintiff Presidio is not entitled to any damages besides nominal damages.

Mr. Andres testified that Presidio had to go to its second choice for lobbyists to advocate against a local ordinance making the permit to get a solid waste facility more difficult, which was ultimately unsuccessful. While Mr. Andres suggested Plaintiff Miller would have been a more capable lobbyist, the Court finds that any suggestion that Plaintiff Miller would have been successful is too speculative for the Court to award further damages. Further, Mr. Andres testified that the second-choice lobbyist was able to make any argument in support of their position and was not precluded from advancing any specific argument. Litigation costs allegedly arising from the failure to persuade its legislators are speculative.

Lastly, the Court finds that Plaintiff LaVanchy is entitled to $1.00 in damages in nominal damages based on the violation of his First Amendment rights. Plaintiff LaVanchy testified that lobbyists in Jefferson City on average make more than their counterparts in other areas of the state. Plaintiff LaVanchy further testified that he was looking for lobbyist work now that the ban had been lifted. However, Plaintiff LaVanchy testified that he was never offered a job as a lobbyist. The Court finds Plaintiff LaVanchy was never offered a lobbying role with any organization nor was he approached by any organization to lobby on their behalf. Plaintiff LaVanchy has failed to show any damages from loss of income because he was unable to secure a lobbying position despite applying for multiple positions.

## JUDGMENT

Accordingly, for the reasons set forth herein and consistent with the Court's findings, the Court awards Plaintiff Rockne "Rocky" Miller $9,000.00 in damages based on his loss of income from the Presidio contract from January 2022 to September 2022.

The Court will additionally award $1.00 to Plaintiffs Miller, Presidio and LaVanchy for violation of their First Amendment rights.

**IT IS SO ORDERED.**

DATED:  July 28, 2025

                                                     */s/ Douglas Harpool*
                                                     **DOUGLAS HARPOOL**
                                                     **UNITED STATES DISTRICT JUDGE**