IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROCKNE "ROCKY" MILLER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> STACEY HEISLEN, in her official capacity as ) <br> Executive Director of the Missouri Ethics ) <br> Commission, et al., ) <br> ) <br> Defendants. ) | Case No. 2:21-cv-04233-MDH |

## ORDER

Before the Court is Plaintiffs' Motion for Attorney's Fees. (Doc. 133). Plaintiffs filed suggestions in support (Doc. 133-1), Defendants filed suggestions in opposition (Doc. 134) and Plaintiffs have filed a reply. (Doc. 135). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiffs' Motion for Attorney's Fees is **GRANTED**.

## BACKGROUND

This case stems from a 42 U.S.C. § 1983 challenge by Plaintiffs challenging the constitutionality of the Missouri Constitution's ban on paid lobbying by former members and employees of the General Assembly for a period of two years after they leave their position. On appeal, the Eighth Circuit ruled in favor of the Plaintiffs, finding the challenged provision unconstitutional as applied to them. (*See Miller v. Ziegler*, 109 F.4th 1045, 1048 (8th Cir. 2024)). Following remand, this Court entered a Permanent Injunction on December 5, 2024 (Doc. 114) as well as an order awarding Plaintiffs a total of $9,003.00 in damages. (Doc. 132).

1

Plaintiffs now request attorney's fees for their successful litigation of the case. Plaintiffs seek costs for work performed and fees charged in this case at $347,690.15 and for the work performed and fees charged for time spent preparing this motion at $5,652.50. Plaintiffs also ask for expenses totaling $4,634.51 for a total amount of $357,977.16 in attorney fees and costs and post-judgment interest until paid.

## STANDARD

Under 42 U.S.C. § 1988, attorney's fees are available for prevailing parties in lawsuits brought pursuant to 42 U.S.C. § 1983. "Since some civil-rights violations would yield damages too small to justify the expense of litigation, Congress has authorized attorney's fees for civil-rights plaintiffs." *Hudson v. Michigan*, 547 U.S. 586, 597 (2006). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002). District courts may rely on their own experience and knowledge when determining reasonable hourly rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "The award of attorneys' fees lies within the sound discretion of the trial court." *Bass v. Sw. Bell Tel., Inc.*, 817 F2d 44, 46 (8th Cir. 1987).

## ANALYSIS

Defendants make four arguments against why the Court should award Plaintiffs the attorney's fees they have requested in their motion. First, Defendants argue that Plaintiffs' request for attorney's fees is untimely. Second, Defendants argue that Plaintiffs requested hourly rate is unreasonable in light of the nature of the case and market averages. Third, Defendants argue that Plaintiffs requested hours are unreasonable in light of Plaintiffs limited success, the nature of this case, and consideration of a similar timeline in a recent case. Lastly, Defendants argue that

2

Plaintiffs only achieved limited success on the counts brought in their amended petition and the damages they sought and thus the limited success must be considered in determining the reasonableness of a fee award. The Court will evaluate each of these arguments in turn.

I.  **Timeliness of Plaintiffs' Request for Attorney's Fees**

Defendants first argue that Plaintiffs' request for attorney's fees is untimely pursuant Federal Rule of Civil Procedure 54(d)(2)(B). Defendants argue that the federal rule requires a motion for attorney's fees to be filed no later than 14 days after the entry of judgment. Defendants cite the Court's judgment entered on July 28, 2025, arguing that Plaintiffs were to file their motion on or before August 11, 2025. Defendants show that Plaintiffs filed their motion on August 15, 2025, without requesting a court order to file out of time, and thus Plaintiffs' motion is untimely. Plaintiffs argue that the Court's July 28, 2025, Order was not a final judgment. Plaintiffs cite to the Court's Order stating "the Court will not consider the issue of attorney fees in this Order and will wait until Plaintiffs' counsel moves for such fees." (Doc. 132, n.2). Plaintiffs counsel states he understood this footnote to mean the Court was holding the case open until resolution of the fees issue before issuing a final judgment encompassing damages, injunctive relief, declaratory relief, and attorney's fees. Further, Plaintiffs argue that the Court did not issue a clerk's judgment accompanying said Order and that Plaintiffs still seek declaratory relief but have not formally moved this Court to enter a ruling on that request. (*See* Doc. 31-1 ¶ 66(a)).

Federal Rule of Civil Procedure 54(d)(2)(b) governs the timing and contents of a motion for attorney's fees. It states:

> Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

However, Federal Rule of Civil Procedure 54(a) defines what a judgment is and Federal Rule of Civil Procedure 54(b) governs judgment on multiple claims or involving multiple parties. Federal Rule of Civil Procedure 54 states:

> (a) Definition; Form. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings
>
> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(a) and (b).

The Court finds Plaintiffs motion for attorney's fees timely. As Plaintiffs have pointed out, the Court in its July 28, 2025, Order stated that "the Court will not consider the issue of attorney fees in this Order and will wait until Plaintiffs' counsel moves for such fees." (Doc. 132, n.2). Thus, the July 28, 2025, Order was not a final order for the purposes of Federal Rule of Civil Procedure 54. This Court held off on adjudicating the issue of attorney's fees in this case until Plaintiff's counsel properly moved for it. As such, Plaintiffs' Motion for Attorney's Fees is not untimely. For the reason stated, Defendants objection as to the timeliness of Plaintiffs' Motion for Attorney's Fees is **OVERRULED**.

### II. Reasonableness of Requested Hourly Rate

Defendants argue that this case presented a fairly typical First Amendment problem, that of balancing interest in individual free speech against public welfare determinations embodied in

4

a citizens' initiative enactment. Further, Defendants argue that Plaintiffs requested hourly rate is not supported by objective data. Defendants argue based on the lack of complexity and attorney rates in Missouri, Plaintiffs' counsel's hourly rate should be reduced to $325 an hour. Plaintiffs argue that this case was a matter of first impression for both this Court and the Eighth Circuit. Plaintiffs also assert that this Court's recent award of $425[1] and other cases within the Western District show that reasonable rates range from 402.47 an hour to 494.68 per hour and that Plaintiffs' counsel asking for $425 an hour is not unreasonable.[2]

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)). "The court 'has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar.'" *Burton v. Nilkanth Pizza Inc.*, 20 F. 4th 428, 431 (8th Cir. 2021) (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

The Court finds that $400 an hour is a reasonable rate for a case of this complexity and for an attorney of Mr. Bradbury's experience. Plaintiffs' counsel has furnished affidavits supporting their claims. Additionally, the Court in review of reasonable attorney rates within the district also finds that $400 per hour is a reasonable rate for a case of this nature and an attorney with these qualifications. The Court finds that Plaintiffs requested $400 hourly rate is reasonable.

**III.     Reasonableness of Requested Hours**

---

[1] *See Mayfield v. Rademan Miller*, No. 2:21-CV-04059-MDH, 2023 WL 3132010, at *2 (W.D. Mo. Apr. 27, 2023), *aff'd sub nom. Mayfield v. Missouri House of Representatives*, 122 F.4th 1046 (8th Cir. 2024) (finding $425 hourly rate for an associate with about fourteen years of employment law experience appropriate).
[2] Plaintiff cites *Make Liberty Win v. Ziegler*, No. 20-CV-04128-SRB, 2020 WL 7480773, at *2 (W.D. Mo. Dec. 18, 2020) and *Missourians for Fiscal Accountability v. Klahr*, No. 14-4287-ODS, at *2-4 (W.D. Mo. Apr. 10, 2017).

Defendants ask the Court to reduce the requested hours stating that the total hours of 824.9 for attorney work are unreasonable. Defendants argue that at least eight hours resulted from Plaintiff Presidio's indecisiveness on joining the lawsuit; two hours were spent redrafting suggestions in support of Plaintiffs separate motions for a preliminary injunction and temporary restraining order that were identical to previously filed motions; one and a half hours were spent splitting a renewed motion into a motion and suggestions; one hour spent downloading and listening to the Eighth Circuit oral argument and taking notes; and a 25.4 hour discrepancy based on the administrative entries labeled provided by Plaintiffs. Defendants also argue that Plaintiffs' Counsel's Itemized Bill Summary interchangeably charges the higher attorney fee and lower administrative fee for actions of a similar nature without guidance on when it is considered attorney work verses administrative work.

Plaintiffs argue that the eight hours related to Plaintiff Presidio's initial decision not to join the case also brought Plaintiffs' counsel up to speed on the nature of the relationship between Plaintiffs Presidio and Miller, and sped Presidio's later inclusion as a Plaintiff. Plaintiffs defend the two and half hours for editing briefing arguing that the work materially improved the briefing submitted to the Court by adapting to the Court's previous rulings and summoning additional authorities including *Treasury Employees* and *Cruz*. Further, Plaintiffs argue that the time debriefing an oral argument in the Eighth Circuit is an appropriate use of one hour in any matter. Plaintiffs do concede that Defendants correctly point out that Plaintiffs' motion lists 57.0 hours of administrative time, but billing records only show 31.6. Plaintiffs argue this is a transposition error and that Plaintiffs' billing summary reflects 57 entries for administrative work but only for 31.6 hours. However, Plaintiffs argue the totals in Plaintiffs' fee motion were automatically calculated by Plaintiffs' billing records, are accurate and make no difference to the amounts requested.

6

Finally, Plaintiffs concede that two entries should have been classified as administrative, rather than attorney work, resulting in a reduction of $215.00.[3]

"When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonable expended on the litigation." *Fires v. Herber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "Although the district court need not explicitly state which hours it finds reasonable, it must at least calculate the hourly rate and the reasonable number of hours worked." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 856 (8th Cir. 2021) (citing *Fires*, 565 F. App'x at 576).

After review of Plaintiffs Itemized Billing Summary and Plaintiffs' concessions, the Court finds Plaintiffs' counsel hours reasonable for the work he has provided as an attorney. However, the Court will decline to award Plaintiffs' counsel for the administrative hours worked in the case.

**IV. Limited Success on the Merits**

Defendants argue that Plaintiffs brought two facial challenges to the lobbying ban which the Eighth Circuit declined to address those challenges. Defendants argue that while Plaintiffs achieved an outcome favorable to these limited interests, their suit was not in the public interest as Missourians voted for the lobbying ban to be incorporated into the Missouri Constitution and to be enforced. Defendants argue that because Plaintiffs' success in this case was limited with little advancement of the public benefit, the court should consider this in the reasonableness of the reward. Plaintiffs argue that their success on their as-applied challenge theory does not limit their success. Plaintiffs argue that relevant case law allows a plaintiff to be compensated for time spent on unsuccessful claims that were related to his successful claims. Further, Plaintiffs argue that

---

[3] The entries that were billed at the attorney billing rate compared to the administrative billing rate were a September 12, 2022, entry for 0.4 hours and a September 15, 2023, entry for 0.2 hours.

shortly after the Eighth Circuit decision, Defendants' general counsel ordered all Missouri Ethics Commission staff to "not enforce Article III, Section 2(a)'s two-year paid lobbyist 'colling-off period' until further notice." (*See* Doc. 135-2). Lastly, Plaintiffs argue that the claim that Plaintiffs' suit was not in the public interest because the Lobbying Ban was popularly enacted was squarely rejected by the Eighth Circuit.

"After a district court determines the lodestar amount, it 'may [then] consider other factors to "adjust the fee upward or downward, including the important factor of the 'results obtained.'"'" *Marshall v. Anderson Excavating & Wrecking Co.*, 8 F.4th 700, 712 (8th Cir. 2021) (citation omitted). The federal courts consider the extent of a plaintiff's success in considering the appropriate award of attorneys' fees. Thus, "[w]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id*. at 713. (citation omitted). Further, "[o]ur precedent directs courts to consider whether the plaintiff failed on unrelated claims in the case and whether the plaintiff's level of success 'makes the hours reasonable expended a satisfactory basis for making a fee award.'" *Id*. (citations omitted). Finally, "[a]lthough there is no one methodology for calculating an award of fees, it is important 'for the district court to provide a concise but clear explanation of its reasons for the fee award.'" *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 966 (8th Cir. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

The Court finds no reason to adjust the fee upward or downward based upon the progression of the case. Defendants argue that Plaintiffs had achieved limited success in the case as their facial challenges were not overturned by the Eighth Circuit and only prevailed as to the as-applied challenges. In review of Plaintiffs Itemized Billing Statement the court finds that those claims are related, and inseparable from the common core of facts and were based on related legal

8

theories. Plaintiffs' counsel achieved success for his clients and because the Eighth Circuit did not strike down the Lobbying Ban facially, this Court cannot say that it did not afford relief to the clients.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $329,960.00[4] and costs in the amount of $4,634.51 for a total of $334,594.51. Plaintiff is also awarded post-judgment interest form December 5, 2024, until paid at the applicable federal interest rate for post-judgment interest pursuant to 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

DATED: September 24, 2025

                                                    */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[4] Attorney tasks of 824.9 hours x $400 = $329,960.00.

9

Case 2:21-cv-04233-MDH    Document 136    Filed 09/24/25    Page 9 of 9